UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Crim. No. 22-78 (MJD/BRT)

v.

**ORDER**

(1) Ulysses Adrian Jimenez,
*also known as* Ulysses Adrian
Jimenez-Diaz,

Defendant.

Thomas M. Hollenhorst, Esq., United States Attorney's Office, counsel for Plaintiff.

Marcus L. Almon, Esq, Almon Law Office, LLC, counsel for Defendant Jimenez.

This action is before the Court on various pretrial motions filed by the Government and Defendant Jimenez. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.     Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (no later than three weeks before trial) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony

relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (no later than three weeks before trial) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery **(Doc. No. 4)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government represents that it will fully comply with its *Brady* and *Giglio* obligations. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 14)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see*

2

*also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio*[1] information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

---

[1]   *Giglio v. United States*, 405 U.S. 150 (1972).

3.  **Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence.**
Defendant moves for immediate disclosure of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and for an order directing the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure three weeks prior to trial. Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence **(Doc. No. 15)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404 evidence no later than **three weeks** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness lists.

4.  **Defendant's Motion for Government Agents to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not oppose the motion and has instructed its officers and agents to retain their rough notes concerning this investigation. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 16)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

5.  **Defendant's Motion for Discovery of an Expert Under Fed. R. Civ. P. 16(a)(1)(G).** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G). The Government agrees to comply with Rule 16 and requests providing Rule 16 information within three weeks of trial.

Defendant's Motion for Discovery of an Expert Under Fed. R. Civ. P. 16(a)(1)(G) **(Doc. No. 17)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

6. **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Defendant requests disclosure and certification of the extent of any of the Government's electronic surveillance in this case, including wire-tapping and other investigative methods. The Government represents that it has and will continue to comply with its discovery obligations under the Rules and case law, including providing discovery and inspection of the productions and records of electronic surveillance. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 18)** is **GRANTED**. The Government is hereby ordered to continue to comply with its discovery and disclosure obligations under the rules, to the extent it has not already done so.

7. **Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to disclose or permit discovery, inspection and copying, of various things pursuant to Fed. R. Crim. P. 16. The Government states that it has and will continue to comply with all of its discovery obligations under the Rules and applicable case law. Defendant's Motion for Discovery and Inspection **(Doc. No. 19)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects

disclosure, and identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. However, within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

    **8.**    The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Michael J. Davis.

Date:  August 10, 2022

                                            *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge